Thompson, J.
delivered the opinion of the Court.
In all cases of treason or felony, a party accused has the unquestionable right, founded on the express provisions of the statute, of being tried by an Examining Court before he shall be arraigned and put upon his trial *617 before a traverse jury. It is a preliminary proceeding which lies at the very foundation of the jurisdiction of the Court of Oyer and Terminer to try him. A prerequisite, without which, unless waived by his voluntary consent, the Court cannot lawfully take cognizance of his offence. From an inspection of the transcript of the record of the County Court of Franklin, made a part of the record of the Circuit Superior Court by the bill of exceptions, it plainly appears that the prisoner had not been examined and remanded for trial for the offences charged in the three last counts of the indictment: and so appearing, it must be conceded on all hands, that the Court erred in overruling his motion to quash those counts. But it has been insisted this was an error by which the prisoner was not aggrieved, and of which, therefore, he has no right to complain ; and for which the judgment ought not to bo examined and reversed by this Court; since the jury have found him guilty upon all the counts, and have assessed upon him the minimum punishment affixed by law to the offence charged in the unexceptionable count. The argument is based upon the common law rule in criminal cases, that whilst in civil actions, before the law was altered by our statute, where the declaration contained several counts, some good and others defective, and the jury assessed entire damages, judgment could not be given; yet, in indictments, the defect in some counts does not affect the validity of the rest, and if any count is good, upon a general finding, an entire judgment may be given : the ground of the distinction being, that in civil actions, if some of the counts are bad and entire damages are given, judgment must be arrested, because the Court cannot apportion the damages; while in criminal cases the jury pass only upon the question of guilt or innocence, and the Judges award the measure of punishment upon the good counts, disregarding and excluding from their assessment the faulty ones: and every separate *618 count, being in the nature of a distinct indictment, a general finding is tantamount to a verdict of guilty upon each and every count; and a general judgment thereon is considered as given, and the punishment awarded on the good counts. 1 Chitty’s Crim. Law 640. Kirk's Case. 9 Leigh 627, was cited and relied on as recognizing and establishing in its fullest extent, the common law rule in reference to defective counts: and it was insisted, that by analogy, and from the reason of the rule, it would equally apply to the case of illegal counts. On behalf of the prisoner, Page's Case, 9 Leigh 687, and Mowbray's Case, 11 Leigh 643, have been cited and relied on as overruling Kirk's. Of Page's Case, it may be said, that although the Court in their judgment, declare that the refusal of the Court below to quash counts liable to the same objections as in this case, was error, and one of the grounds of reversal; yet that case might be distinguished from Kirk's, and the apparent conflict reconciled. But between Kirk's and Mowbray's Cases, we think the conflict necessary and irreconcileable. That was the case of a person charged and examined in the County Court for forgery, and committed by that Court for trial in the Circuit Court for forgery only. He was indicted for forgery, and also for uttering and publishing. He moved to quash the counts for uttering and publishing; and his motion was overruled. He was arraigned, pleaded not guilty, tried, convicted, and sentenced to imprisonment in the penitentiary for three years. The judgment was reversed by this Court, because of the refusal to quash the counts as to which the prisoner had not been examined. The Court, in that case, in the opinion delivered by Gholson, Judge, substantially affirms that the rule of practice in criminal cases, which sanctions a judgment upon a general finding upon an indictment containing both good and faulty counts, is not applicable to cases of penitentiary crimes in Virginia, where the jury is to ascertain the term of *619 imprisonment; since the evidence on the bad counts may aggravate the punishment imposed by the verdict. It is true, the jury in that case exceeded the minimum, by one year; whilst in Kirk’s Case, and the case of the prisoner, the verdict assessed the minimum punishment upon the good count. But it is a difference that will not warrant the conclusion, that had the minimum, punishment been imposed, the decision would have been different, and thereby enable us to reconcile it with Kirk’s Case. The broad ground taken in the opinion of the Court, that the common law, in cases of penitentiary offences was inapplicable in Virginia, forbid such a conclusion. Thus understanding the decision of this Court in Mowbray’s Case, and approving it as sound law, we might content ourselves with announcing an opinion of concurrence; adopting that as authority in point decisive of this; and proceed to judgment accordingly. But as it is a question of some importance, and has given rise to conflicting decisions of this Court, we deem it proper to add to the reasoning and grounds of decision announced in that case, some further considerations in support of that decision. To proceed then: We cannot admit that the error complained of in this case, was one by which the accused was not and could not be injured. We are of opinion, that it might have prejudiced and aggrieved him in various ways. The offences charged being different and distinct, it was calculated to confound and embarrass him in his defence, or prejudice him in his right of challenge to the jury : for he might object to a juryman’s trying one of the charges, though he might have no reason to do so in the other. 1 Chitty’s Crim. Law 253. He might be prejudiced by the evidence offered in support of the illegal counts, both upon the question and conclusion of guilt, and measure of punishment. Indeed, in this case, for aught that appears, or can be gathered from the verdict or judgment to the contrary, why may it not be said, *620 that he may have been prejudiced to the extent of havbig been found guilty upon some one of the objectionable counts. Suppose we consider the counts as chargbig several distinct and different offences, and not different degrees or forms of the same offence; or the same offence in different forms to meet the proof. The jury have assessed the minimum of one offence. Must we necessarily and inevitably conclude from this finding, they intended, out of several offences, to award the lowest punishment for one, and remit the punishment as to the residue. And on the other hand, if the counts be considered as charging but different degrees of the same offence, or the same offence in different forms, is it fair to presume, and in most cases would it not be a presumption contrary to fact, that the jury intended to find the party guilty of each and every count ? In some cases it would involve absurdity, if not impossibility ; in others impossibility.
If we were to hold that the error complained of in this cause was no ground of reversal, it would to some extent, place persons accused of treason or felony, at the mercy of the prosecutors of the Commonwealth, as to the right of trial before an Examining Court in every case. A prisoner is examined for one offence, and sent on for further trial. The prosecutor finds the evidence will not support the charge. Nevertheless, he may indict him for that and other offences; whereby he presents on the face of his indictment a prima fade case for the jurisdiction of the Court: and if the Court refuse to quash, and the jury find a general verdict, the accused has no adequate redress for the deprivation of his right to trial before an Examining Court. If it be said his redress could be obtained by moving the Court to certify the facts on the record, or the evidence, (as to which the Court is not bound to certify,) in order to shew to the appellate Court whether the prisoner was found guilty upon the good or the bad counts, or what counts the evidence would support; so that the Court *621 could determine that the prisoner was found guilty upon a good count, and not exclusively upon the objectionable ones, or vice versa; the answer is, the jury are not ’ . J J such infallible judges of law and fact, both of which are included in the issue, and decided by them in criminal cases, that they might not have found exclusively upon the bad or objectionable counts, and not upon the good: and the effect would be by a legal presumption in opposition to the fact, to substitute the opinion of the Court upon the law and the fact, for that of the jury, upon the question of guilt or innocence, and make it a conviction by the Court instead of a conviction by the jury-
Again, if a grandjuryman want any of the qualifications required, or labour under any of the disqualifications imposed by law, it is good ground for a plea in abatement; and if sustained, leads to the quashing of the indictment. Suppose the Court in such a case were to refuse to quash, and put the prisoner upon his trial, and he was convicted and sentenced; would he in reality, be much, if any more injured or aggrieved, by such refusal, than by the refusal to quash in the case under consideration ? The ground of complaint, in the case supposed, is being arraigned and put upon his deliverance, without the prerequisite of a bill of indictment, found by a legally constituted grand jury. The ground of complaint in this case is, the prisoner has been arraigned and put upon his trial, without the prerequisite of the preliminary examination to which he was equally entitled. We cannot think, if the more formal and regular mode of taking the objection by plea in abatement, had not been departed from, and the motion to quash introduced in its stead, it would ever have been a question of serious doubt or difficulty in the mind of this Court, that a refusal to quash upon such a ground was sufficient error to reverse the judgment.
We are of opinion, that in consequence of the decision in Mowbray’s Case, which has, upon very sufficient *622 and satisfactory grounds, ruled that the common law principle is inapplicable to penitentiary offences in Virginia, where the jury assess and apportion the punishment, the analogy between criminal cases of that description and civil actions is complete. In a civil action a party may demur to a defective count, or move the Court to instruct the jury to disregard it, which is equivalent to quashing it; and a refusal to instruct, or a judgment overruling the demurrer, would be grounds of error equally good and sufficient. So, in criminal cases for penitentiary offences, the accused may plead in abatement, or move to quash, which is tantamount, being the substitute for the plea in modern practice; and if the Court erroneously overrule the plea, or refuse to quash, it is substantial cause of error on this count.
We deem it unnecessary to decide the question, whether the Court erred in refusing to put the prosecutor for the Commonwealth to his election, upon which count of the indictment he would proceed; and if error, whether of such a nature as to come within the revisory and corrective power of an appellate Court; or whether it was in the exercise of a discretionary power, as to which error cannot be predicated in an appellate Court; because the Judges are divided upon, and have not maturely considered the question : nor is it, although arising on the record, presented in the prisoner’s petition and assignment of errors. For the foregoing reasons, we are unanimously of opinion the Court below erred in refusing to quash the three last counts in the indictment, and in overruling the prisoner’s motion in arrest of judgment: for which errors the judgment must be reversed, the verdict of the jury set aside, the three last counts of the indictment quashed, and the cause remanded for a new trial to be had upon the first count.
Judgment reversed, the three last counts quashed, and the cause remanded for a new trial on the first count.